TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00166-CV






Kenneth S. Olson, Appellant



v.



City of Killeen and the Killeen Fire Fighters' and Police Officers' Civil Service Commission,
Appellees





FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 160890-C, HONORABLE OLIVER KELLEY, JUDGE PRESIDING 






PER CURIAM



 This appeal addresses whether civil service act provisions governing employee discipline
extend to nondisciplinary decisions. Appellant Kenneth S. Olson appeals from a judgment rendered in favor
of appellees, City of Killeen and the Killeen Fire Fighters' and Police Officers' Civil Service Commission
(collectively "the City"). We will affirm the judgment of the trial court.


BACKGROUND

 Olson is a police officer with the Killeen Police Department and a member of the Killeen
fire fighters' and police officers' civil service system. In October 1995, the Department was restructured. 
The reorganization resulted in a sergeant's vacancy. The City undertook the process of selecting the officer
for the position by conducting a promotional examination. A notice was posted announcing that the
examination was being held for the purpose of filling a vacant sergeant's position. The highest scoring
candidate was promoted to fill the then-existing vacancy as sergeant. 

 In April 1996 a second vacancy arose. Olson, followed by another officer, Gary Clark,
were the next two candidates eligible for the position of sergeant. The Chief of the Department advised
Olson that he was going to bypass Olson and appoint Clark to the position because he offered a better
management profile. Following their discussion, the chief filed a memorandum with the Civil Service
Commission stating his reason for not promoting Olson. The chief then advised Olson by memorandum
of his right to seek review by the Civil Service Commission. In addition, on June 24, 1997, the director
of the Commission notified Olson in writing that he had ten days to file his appeal. Olson complied and filed
a notice of appeal with the Commission requesting that an independent third party hearing examiner review
his case. Olson's request for a hearing examiner was denied. Instead, the Commission offered Olson the
opportunity to seek administrative review before the Commission. 

 Rather than seek administrative review, Olson filed suit in district court asserting that failure
to promote him for the reason stated by the chief, i.e., to promote another candidate with better
qualifications, required the City to issue him a "letter of disciplinary action" under section 143.057(a) of the
Texas Local Government Code. The City counterclaimed seeking a declaratory judgment that (1) section
143.036(f) of the Code exclusively provides the notice requirements for a non-disciplinary promotional
passover; (2) the City's passover of Olson is subject to review only by the Civil Service Commission; and
(3) Olson has no right to appeal his passover to a third party hearing examiner. Both parties moved for
summary judgment and the district court rendered a take nothing judgment in favor of the City. It is from
this judgment that Olson appeals. 


DISCUSSION 

 A party is entitled to a summary judgment when no genuine issue of material fact exists and
the movant is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., Inc., 690
S.W.2d 546, 548 (Tex. 1985); Tex. R. Civ. P. 166a(c). If a defendant conclusively negates one of the
essential elements of the plaintiff's cause of action as a matter of law, summary judgment is proper. 
Goldberg v. United States Shoe Corp., 775 S.W.2d 751, 752 (Tex. App.--Houston [1st Dist.] 1989,
writ denied); Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex. App.--Houston [1st Dist.] 1988, writ
denied). 

 In its motion for summary judgment, the City asserted among other claims, that summary
judgment was proper because the City had fully complied with section 143.036 of the Texas Local
Government Code. Section 143.036 addresses promotional bypass and provides the following:


 If the department head has a valid reason for not appointing the eligible
promotional candidate having the highest grade, the department head shall personally
discuss the reason with the person being bypassed before appointing another person. The
department head shall also file the reason in writing with the commission. On application
of the bypassed eligible promotional candidate, the reason the department head did not
appoint that person is subject to review by the commission.



Tex. Local Gov't Code Ann. § 143.036(f) (West Supp. 1997). Our review of the stipulated facts reveals
that the Chief complied with the provisions of section 143.036(f) when he (1) personally discussed his
reasons for not promoting Olson to the position of sergeant, (2) filed a written explanation for bypassing
Olson with the Commission; and (3) advised Olson of his right to apply to the Commission for an
administrative review of the chief's decision. Hence we conclude that no issue of genuine material fact
exists to preclude the trial court's judgment. We now consider whether summary judgment was proper
as a matter of law.

 Appellant relies on section 143.057(a) of the Code and asserts that when a city bypasses
a police officer for nondisciplinary reasons, the law requires that the officer receive a letter informing him
of the reasons for the passover. However, section 143.057 of the Code concerns only disciplinary
actions and provides the following:


 In addition to the other notice requirements prescribed by this chapter, the letter
of disciplinary action issued to a firefighter or police officer must state that in an appeal of
an indefinite suspension, a promotional passover, or a recommended demotion, the
appealing firefighter or police officer may elect to appeal to an independent third party
hearing examiner instead of the commission.



Tex. Local Gov't Code Ann. § 143.057(a) (West 1988). Sections 143.052(c) and 143.054(b) of the
Code require that the department head provide the person suspended or demoted with a letter informing
him of the reasons for the disciplinary action. Tex. Local Gov't Code Ann. §§ 143.052(c), 143.054(b)
(West 1988). The plain language of the statute clearly states that in the absence of disciplinary action, the
department head need only discuss personally with the officer the reasons for the promotional passover. 
Tex. Local Gov't Code Ann. § 143.036(f); see Richard Miller, Texas Firemen's & Policemen's Civil
Service Law § 143.057-1 (9th ed. 1996). 

 A review of the record reveals that the Chief's act of bypassing Olson for the promotion
was based on nondisciplinary reasons. Absent a disciplinary action, the City was not required to issue
Olson a letter of disciplinary action. Furthermore, absent a letter of disciplinary action, Olson was not
entitled to appeal to an independent third party hearing examiner instead of the Commission. We find no
error and conclude that the City was entitled to summary judgment as a matter of law.


CONCLUSION 

 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: August 28, 1997

Do Not Publish



ject to review only by the Civil Service Commission; and
(3) Olson has no right to appeal his passover to a third party hearing examiner. Both parties moved for
summary judgment and the district court rendered a take nothing judgment in favor of the City. It is from
this judgment that Olson appeals. 


DISCUSSION 

 A party is entitled to a summary judgment when no genuine issue of material fact exists and
the movant is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., Inc., 690
S.W.2d 546, 548 (Tex. 1985); Tex. R. Civ. P. 166a(c). If a defendant conclusively negates one of the
essential elements of the plaintiff's cause of action as a matter of law, summary judgment is proper. 
Goldberg v. United States Shoe Cor